**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LANCE R. BISHOP, SR.,**

                      **Plaintiff,**

   vs.                                                  **9:16-CV-01329
                                                              (MAD/ATB)**

**DR. DAVID PRESSER, dentist,
DR. ROGERIO OLIVEIRA, dentist,
DR. TAHIR FAROOKI, dentist,
C. ATKINSON, nurse, formally known
 as "Jane" Atkinson,**

                      **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**LANCE R. BISHOP, SR.
09-B-1765**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                **JOHN F. MOORE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On November 7, 2016, _pro se_ Plaintiff Lance R. Bishop, Sr., commenced this action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Defendants Dr. David Presser, Dr. Rogerio Oliveira, Dr. Tahir Farooki, and Nurse C. Atkinson who provided medical care to Plaintiff while he was in the custody of the New York Department of Corrections and Community Supervision ("DOCCS") at the Clinton Correctional Facility ("Clinton") and Upstate Correctional

Facility ("Upstate"). *See* Dkt. No. 1. In his Amended Complaint, Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights when treating his tooth pain and infection. *See* Dkt. No. 33 at ¶¶ 21-22. Specifically, Plaintiff alleges that Defendants provided inadequate dental care because Dr. Presser, Dr. Oliveira, and Dr. Farooki failed to immediately extract his tooth, and Nurse Atkinson denied medication for his pain and access to emergency care. *See id.*

On March 3, 2018, Defendants moved for summary judgment. *See* Dkt. No. 57. Defendants argue that (1) Plaintiff failed to state a claim for deliberate indifference against all Defendants; (2) Plaintiff failed to exhaust his administrative remedies against Dr. Presser, Dr. Oliveira, and Dr. Farooki; and (3) Defendants are entitled to qualified immunity. *See* Dkt. No. 57-10 at 9-20. Plaintiff has opposed Defendants' motion. *See* Dkt. No. 64-3.

After reviewing the entire record and considering the parties' submissions, on December 28, 2018, Magistrate Judge Andrew T. Baxter issued a Report-Recommendation in which he recommended that the Court grant Defendants' Motion for Summary Judgment for failure to state a claim and dismiss Plaintiff's Amended Complaint with prejudice.[1] *See* Dkt. No. 73 at 2, 20. No objections were filed.

A court may grant a motion for summary judgment only if "the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." *Chambers v. TRM Copy Ctrs. Corp.*,

---

[1] Magistrate Judge Baxter found that summary judgment was not appropriate for failure to exhaust administrative remedies because it would involve assessing Plaintiff's credibility. *See* Dkt. No. 73 at 11-12. Further, Magistrate Judge Baxter did not reach an opinion regarding Defendants' qualified immunity since he found that Defendants did not act with deliberate indifference. *See id.* at 20 n.7.

43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable factual inferences in favor of the nonmoving party. *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the nonmovant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's statement of material facts; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003).

"Furthermore, in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, at *1 (S.D.N.Y. May 16, 2001)).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the

3

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Baxter provided Plaintiff adequate notice that he was required to file any objections to the Report-Recommendation, and informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 73 at 20-21. Specifically, Magistrate Judge Baxter informed the parties that "**FAILURE TO**

4

OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. 6(a), 6(e)." *See id.* Therefore, Magistrate Judge Baxter clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Report-Recommendation and the Court will review for clear error.

A claim of inadequate medical care under the Eighth Amendment requires that a prisoner prove "'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The "deliberate indifference" standard consists of both an objective component, which requires the plaintiff to demonstrate that his alleged need is "sufficiently serious," and a subjective component, which requires a showing that the defendant has acted with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

In the present matter, Plaintiff claims that Dr. Presser, Dr. Oliveira, and Dr. Farooki acted with deliberate medical indifference because the dentists did not immediately extract his tooth. *See* Dkt. No. 33 at ¶ 21. However, as Magistrate Judge Baxter correctly found, Plaintiff's disagreement with the dentists' treatment is not enough to constitute a deliberate medical indifference. *See* Dkt. No. 73 at 18; *Chance*, 143 F.3d at 703("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim"). Here, the three dentists agreed that it was not appropriate to perform an extraction without first treating Plaintiff's tooth infection and thus they all prescribed antibiotics and pain medication. *See* Dkt. No. 57-1 at ¶¶ 8-10, 16-19, 23-31, 36-44; Dkt. No. 64 at ¶¶ 8-10, 23-26, 36; *Chance*, 143 F.3d at 703 ("So

long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation").

Further, Magistrate Judge Baxter correctly found that Plaintiff failed to show that Nurse Atkinson acted with a sufficiently culpable state of mind for denying emergency dental care. *See* Dkt. No. 73 at 19-20. Nurse Atkinson's contemporaneous treatment notes and records reveal that after examining Plaintiff's mouth, she did not find signs of infection or emergency. *See* Dkt. No. 57-1 at ¶¶ 57-60. At most, Plaintiff's allegations against Nurse Atkinson contend that she acted negligently. However, even if Nurse Atkinson had acted negligently, "negligence is insufficient to support an Eighth Amendment claim"). *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) ("To establish the second element, deliberate indifference, a plaintiff must show something more than mere negligence") (citations omitted).

Upon review of the Report-Recommendation, the parties' submissions, and the applicable law, the Court finds no clear error in Magistrate Judge Baxter's recommendations and hereby affirms and adopts the Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 73) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 57) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 33) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 5, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge